COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


DWAYNE ANTHONY DOUGLAS

                                      MEMORANDUM OPINION* BY
v.    Record No. 1344-98-2            JUDGE MARVIN F. COLE
                                        NOVEMBER 16, 1999

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                  Paul M. Peatross, Jr., Judge

          David C. Dickey for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Dwayne Anthony Douglas (appellant) was convicted in a jury

trial of assault and attempting to elude the police. He contends

that the trial court erred by (1) refusing his requested

instruction on the charge of attempting to elude, and (2)

sustaining the Commonwealth's objection to the defense's closing

argument. We disagree and, for the following reasons, affirm the

convictions.

                              Facts

     At about 2:15 a.m. on September 7, 1997, appellant and

Charles Eacho tried to enter a fraternity party at the University

of Virginia. Because their names were not on the "guest list," a

───────────────

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

fraternity member asked them to leave. Appellant and Eacho became upset, said they did not want to cause trouble, but "perhaps they would be put in a situation where they may need to cause trouble." Four fraternity members followed appellant and Eacho outside to the parking lot to ensure that they did not vandalize cars or the fraternity house. When appellant reached into his truck, Stephen Myers (the victim) and the other three fraternity brothers stopped. Holding a knife, appellant turned and faced Myers and said, "Let's see how tough you are now." While holding the knife, appellant walked towards Myers until he was only ten feet away. As appellant approached the fraternity brothers, Eacho pulled out a gun. The fraternity brothers ran back to the fraternity house and called the police.

Moments later, two police officers arrived and parked so that the exit from the parking lot was blocked. Officer Debra Higgins shined a flashlight on appellant and Eacho, identified herself as a police officer, and ordered them to stop. Appellant made eye contact with Higgins and then jumped in his truck and ignored her order to stop. Appellant drove down the stairs at the Architecture School and onto a sidewalk. As Higgins radioed for help, appellant drove down a gravel pathway, which eventually turns into a service road behind the Architecture School building. Officer Michael Wells responded with his lights and siren activated and blocked off the exit from the service road. Appellant sped towards the roadblock at fifty miles per hour.

-

Appellant tried to drive around Wells' marked police car, but realized he could not drive over the four-foot-high embankment. Therefore, appellant stopped his vehicle.

Upon his arrest, the police found a "buck-style" knife in appellant's back pocket and a loaded handgun in appellant's vehicle.

Appellant and Eacho denied being hostile toward the fraternity brothers. Rather, they claimed that the fraternity brothers threatened them as they left the fraternity house. Eacho admitted waving a gun at the fraternity brothers, but appellant denied threatening anyone with a knife. They claimed they were trying to get away from the fraternity brothers and mistakenly drove down the stairs because they were unfamiliar with the area. They denied trying to go around the roadblock and claimed that they stopped as soon as they saw the police.

I.

Appellant contends that the trial court erred by refusing to give appellant's proffered instruction regarding the attempt to elude charge. Appellant's instruction provided, in part, that "unless you believe that [appellant speeded up and left the scene] . . . with the intent of eluding a police officer, rather than with the intent of eluding or escaping from those with whom he had had some difficulties that night, you cannot find him guilty of eluding a police officer." The trial court did not err in refusing appellant's proffered instruction. The trial

-

court fully and accurately instructed the jury on the attempt to elude charge.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'"  Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted).  Granted instruction 10 clearly states the law concerning the elements of the attempt to elude charge.  Instruction 10 states that, in order to find defendant guilty of attempting to elude, the Commonwealth must prove beyond a reasonable doubt

> (1)  That the defendant was driving a motor vehicle; and (2)  That after having been given a visible and audible signal to stop his motor vehicle, drives such motor vehicle in a willful or wanton disregard of such signal so as to interfere with or endanger a law enforcement vehicle or any other property of any person or increases his speed and attempts to escape or elude any law enforcement officer.

Instruction 10 fully and accurately instructed the jury regarding the attempt to elude charge.  The court's instruction enabled the jury to consider all relevant circumstances, including whether appellant was attempting to elude the police officers or only the fraternity brothers, without emphasizing one particular factor as perhaps being more significant.  See Lynn v. Commonwealth, 27 Va. App. 336, 349, 499 S.E.2d 1, 7 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999).

-

During closing argument, the parties remained free to argue whether appellant attempted to elude the police or only the fraternity brothers. In fact, defense counsel argued that the evidence was not clear that Officer Higgins spoke to appellant in a tone appellant heard or that appellant made eye contact with the officer before leaving the scene. Defense counsel fully argued his theory of the case -- that appellant only intended to elude or escape from the fraternity brothers, and, therefore, could not be guilty of attempting to elude the police.

Granted instruction 10 clearly and accurately informed the jury of the elements of the attempt to elude charge. Therefore, the trial judge did not err by refusing to grant appellant's proffered instruction regarding the attempt to elude charge. The trial court does not err by refusing to give another instruction related to the same legal principle. See League v. Commonwealth, 9 Va. App. 199, 210, 385 S.E.2d 232, 239 (1989), aff'd on reh'g en banc, 10 Va. App. 428, 392 S.E.2d 510 (1990).

## II.

Appellant contends that the trial court erred by sustaining the Commonwealth's Attorney's objection to defense counsel's closing argument. Because defense counsel's argument was improper, the trial court did not err by sustaining the objection.

-

> "The purpose of closing argument is to summarize the evidence for the jury, to persuade the jury to view the evidence in the light most favorable to the client, and to apply that evidence to the law in a manner which will result in a verdict favorable to the client."

Canipe v. Commonwealth, 25 Va. App. 629, 639, 491 S.E.2d 747, 751 (1997) (quoting Charles E. Friend, The Law of Evidence in Virginia § 21-1(b)(1) (4th ed. 1993)).  Defense counsel is entitled to make the full range of arguments relevant to persuading the jury that the defendant is not guilty of the charged crime.  See id. at 640, 491 S.E.2d at 752.  "The decision regarding the appropriateness of a closing argument is committed to the discretion of the trial court."  Id. at 639, 491 S.E.2d at 751-52.  Unless it "'affirmatively appears that such discretion has been abused and that the rights of the complaining litigant have been prejudiced,'" an appellate court will not interfere with the trial court's ruling.  See id. at 640, 491 S.E.2d at 752 (citation omitted).

During his closing argument, appellant's counsel attempted to present an opinion from a speech given by former Chief Justice Warren Burger concerning a sociological study allegedly indicating that most juries do not understand the burden of proof in a criminal case.  Appellant's counsel stated "that 90% or 80%, . . . of jurors who were sworn to uphold the law, nevertheless believe the defendant has to prove his innocence."  This study was not evidence in appellant's case and was

-

irrelevant to appellant's case.  The trial court sustained the

Commonwealth's Attorney's objection and said,

> I've instructed the jury that the burden is
> on the Commonwealth so I don't want to state
> anything else that's a belief by any Chief
> Justice. . . .  My instructions are clear
> and I don't want to confuse them.  So the
> burden is on the Commonwealth.  The
> Commonwealth has to prove it.  The defendant
> doesn't have to prove anything.  That's
> clear.  So just go ahead and argue your
> case.

In Canipe, Canipe's counsel made a closing argument

regarding the crime of "hit and run" which was not relevant to

the murder charge on which Canipe was being tried.  25 Va. App.

at 639-40, 491 S.E.2d at 752.  The trial court prohibited this

argument.  See id.  This Court agreed that the trial court had

not abused its discretion when it prohibited that argument

because the argument was irrelevant to the charged crime of

murder and it would have confused the jury.  See id.

Similarly, appellant's counsel's argument regarding former

Chief Justice Burger's speech had no bearing on whether the

Commonwealth had proved the charged offenses beyond a reasonable

doubt.  We cannot say that the trial court abused its discretion

when it prohibited appellant's counsel from continuing his

closing argument regarding Chief Justice Burger's speech about a

sociological study.  Such argument was improper as it was not

relevant to the applicable law regarding the burden of proof in

appellant's trial and would have confused the issues before the

-

jury.  The trial court's provision in its ruling that appellant's counsel should "just go ahead and argue [his] case," gave counsel sufficient latitude to advocate fully for his client during closing argument.  Appellant's counsel continued and argued that appellant was "clothed in the presumption [of innocence] that stays with you throughout the trial, unless and until the Commonwealth upon whom the burden rests, proves the guilt beyond any reasonable doubt."

Accordingly, the trial court's judgment is affirmed.

<u>Affirmed.</u>